UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, </br></br>      Plaintiff, </br></br>      vs. </br></br> DONNA M. LOVING; PAUL B. PARKS; JONATHAN N. COOK, </br></br>      Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)  CASE NO. 2:14-CV-2216-SLB</br>)</br>)</br>)</br>)</br>) |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss, or, in the Alternative, Motion to Stay, or, in the Alternative, Motion to Extend Time to Answer, filed by Jonathan N. Cook. (Doc. 14.)[1] Plaintiff, State Farm Mutual Automobile Insurance Company, seeks a declaratory judgment that it has no duty to defend and/or indemnify its insured, defendant Donna M. Loving, in a state-court action brought by defendant Jonathan N. Cook. Cook was a passenger in Loving's car, which was driven by defendant Paul B. Parks, when he was injured in a car wreck. State Farm contends that it has no duty to defend and/or indemnify Loving because she did not notify it of Cook's injuries in a timely manner and neither she nor Parks have cooperated with State Farm. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Cook's Motion to Dismiss is due to be denied, his Motion to Stay is due to be denied, and his Motion to Extend Time to Answer is due to be granted.

> [W]hether to grant declaratory relief is a matter for the court's sound discretion. *See* 28 U.S.C. § 2201. In the exercise of their sound discretion to entertain declaratory actions the district courts may not decline on the basis of whim or personal disinclination; but they may take into consideration the speculativeness of the situation before them and the adequacy of the record for the determination they are called upon to make, as well as other factors, such as whether there is a pending procedure in state court in which the matters in controversy between the parties may be fully litigated."

*Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir. Sept. 1981)(citing, *inter alia*, *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962); *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 494 (1942)).[2]

The court finds that Cook has failed to show any legally sufficient reason to dismiss State Farm's complaint. There is nothing fundamentally unfair in the insurer, State Farm, seeking a declaration that it owes no duty to defend or indemnify Loving and/or Parks under its insurance contract. *State Farm Mut. Auto. Ins. Co. v. Bates*, 542 F. Supp. 807, 817 (N.D. Ga. 1982)("Federal courts long have held that an insurance company seeking determination of its liabilities under an insurance contract could utilize the Declaratory Judgment Act for such a purpose."); *see Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-74

---

[2]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

(1941). Moreover, Cook has cited no law, and indeed the court has found none, establishing the "undue hardship" of "fight[ing] this case on two fronts while suffering debilitating pain from the injury" as a legally sufficient reason to dismiss this case. Although he contends that this Complaint should be dismissed under Rule 12(b)(4), (5), and (6), he has included no argument to show the court why. Lastly, he contends that the amount in controversy is $40,000; however, a demand letter was sent from his then-counsel asking for $141,912.68, including $31,432.38 in past medical treatment and an estimated $15,000 in future treatment. Also, Cook contends that his pain is disabling to the extent he was forced to stop working. The court finds that the amount in controversy, more likely than not, extends $75,000.

The court finds no reason to dismiss State Farm's declaratory judgment action. Therefore, Cook's Motion to Dismiss, (doc. 14), will be denied.

Cook also asks the court to stay this action while the underlying state-court action moves forward. This Motion is due to be denied as to State Farm's request for a declaration as to its duty to defend and denied without prejudice as to its request for a declaration as to its duty to indemnify. This court will follow the guidance of Judge Propst as he stated in *Employers Mutual Casualty Co. v. Evans*:

> This court concludes that it should retain jurisdiction to hear both the duty to defend and the indemnification issues. The duty to defend is more extensive than the duty to indemnify. If the court determines that there is a duty to defend, it may well be appropriate not to then reach the further issue of duty to indemnify. However, a determination that there is no duty to defend may well determine the duty to indemnify issue. Both discretion and common sense mandate that the court retain jurisdiction at least until the duty to defend

3

issue is determined, consistent with *Maryland Casualty Co.* [*v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941)].

*Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1262 (N.D. Ala. 1999).

Therefore, the Motion to Stay, (doc. 14), will be denied. The court will consider State Farm's duty to defend and, depending on that decision, the court will determine whether to proceed to decide the duty-to- indemnify issue or stay the proceedings pending resolution of the state-court action.

Cooks's Motion to Extend Time to Answer, (doc. 14), will be granted. Cook shall file his Answer on or before October 16, 2015.

**DONE** this 11th day of September, 2015.

_____
SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE